**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DEANNA M. LEONE, Individually and as**
**Administratrix of the Estate of TODD J. LEONE,**
**Deceased,**

                     **Plaintiffs,**          5:06-CV-389
      **v.**                                            (NAM/GJD)

**CSX TRANSPORTATION, INC., CSX**
**CORPORATION AND NATIONAL RAILROAD**
**PASSENGER CORPORATION/AMTRAK,**

                     **Defendants.**
_____

**APPEARANCES:**                                  **OF COUNSEL:**

Office of Thomas J. Cerio                Thomas J. Cerio, Esq.
500 Erie Blvd. West
Syracuse, New York 13204
*Attorney For Plaintiffs*

Riehlman, Shafer & Shafer                Jane G. Kuppermann, Esq.
P.O. Box 430, 397 Route 281
Tully, New York 13159-0430
*For Plaintiffs*

Hodgson Ross LLP                         Lawrence R. Bailey, Jr., Esq.
230 Park Avenue, 17th Floor
New York, New York 10169
*Attorney For Defendants*
*CSX Transportation, Inc. and CSX*
*Corporation*

Landman Corsi Ballaine & Ford P.C.       Mark S. Landman, Esq.
120 Broadway, 27th Floor
New York, New York 10271-0079
*Attorney For Defendants*
*National Railroad Passenger Corporation*
*a/k/a Amtrak*

**Norman A. Mordue, Chief U.S. District Judge:**

## MEMORANDUM DECISION AND ORDER

### INTRODUCTION

Plaintiff Deanne M. Leone, Individually and as Administratrix of the Estate of Todd J. Leone, deceased (Leone) moves to remand this action to Supreme Court, Onondaga County. (Dkt. No. 5) Defendants CSX Transportation, Inc. and CSX Corporation (CSX) oppose the plaintiff's motion and plaintiff and defendants seek sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure.[1]  (Dkt. No. 9)

**BACKGROUND AND PROCEDURAL HISTORY**

This action arises from the death of Todd J. Leone on September 26, 2003.  The plaintiff was issued Limited Letters of Administration on December 3, 2003.  On September 22, 2005, the plaintiff filed two (2) separate lawsuits in the New York State Supreme Court, Onondaga County Clerk's Office.  The first action entitled *Deanna M. Leone, Individually and as Administratrix of the Estate of Todd J. Leone, deceased v. CSX Transportation, Inc., CSX Corporation, National Railroad Passenger Corporation/Amtrak* (Action No. 1) alleges negligence and wrongful death. The second action, filed on the same day, entitled *Deanna M. Leone, Individually and as Administratrix of the Estate of Todd J. Leone, deceased v. Kenneth W. Rubin d/b/a Diamond Dolls, Inc. and/or Kenneth W. Rubin d/b/a Diamond Dolls, and/or Diamond Dolls, Inc.* (Action No. 2) alleges negligence, wrongful death and a violation of New York's "Dram Shop Act" (General Obligations Law § 11-101).

In Action No. 1, the plaintiff alleges that a locomotive engine and/or train engine owned and operated by the defendants struck and killed Todd J. Leone in the Town of Salina, New York. (Compl. Action No. 1 at ¶ 8-10).   The accident allegedly took place on the westbound "track one" owned by the defendants .  (Compl. Action No. 1 at ¶ 8).

---

[1] Defendants National Railroad Passenger Corporation/Amtrak (Amtrak) have not opposed the plaintiff's motion.

In Action No. 2, the plaintiff alleges, *inter alia*, that the defendants served intoxicating liquors to the decedent at the defendants' establishment located at 6720 Townline Road, Syracuse, New York.  (Compl. Action No. 2 at ¶ 8).  The complaint further alleges that the defendants continued to sell and/or provide such intoxicating beverages to the decedent after such time when the defendants knew or should have known that the decedent was intoxicated. (Compl. Action No. 2 at ¶ 11).

Plaintiff is a resident of Onondaga County, New York. (Compl. Action No. 1 at ¶ 1). The defendant, CSX, is a foreign corporation with a principal place of business in Florida. (Dkt. No. 4) The defendant, Amtrak, is a foreign corporation with a principal place of business in Washington D.C. (Dkt. No. 13)  On March 27, 2006, the defendant, CSX, removed Action No. 1 to federal court pursuant to  28 U.S.C. §§ 1441 and 1446.  (Dkt. No. 1) [2]

Pursuant to the plaintiff's Notice of Motion, plaintiff moves to "remand this action to Supreme Court, Onondaga County for joinder with a companion action". (Dkt. No. 5)  Although not specified in the Notice of Motion, the Court infers from a review of the supporting papers that the basis of the within motion is 28 U.S.C. § 1447.

## DISCUSSION

The relevant statute is Fed. R. Civ. Pro. 42(a) which provides: "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all of the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay".  Fed. R. Civ. Pro. 42(a); *see also Dinardi v. Ethicon, Inc.*, 145 F.R.D. 294, 296 (N.D.N.Y.

---

[2] Action No. 2 is presently pending in New York State Supreme Court, Onondaga County.

3

1993). When the actions are not pending in the same court, the court is without authority to consolidate the actions. *Dinardi*, 145 F.R.D. at 296; *see also In re Consolidated Welfare Fund "ERISA" Litigation*, 1993 WL 190324, at *2 (S.D.N.Y. 1993). The *Dinardi* case offers guidance in this matter as the procedural posture and motions are analogous. In *Dinardi*, the court denied plaintiff's motion to consolidate the federal and state court actions reasoning that: "[t]he court has not located (and neither have the plaintiffs cited to) any authority that supports a contrary conclusion". *Dinardi*, 145 F.R.D. at 296.

In the present case, this Court has no jurisdiction to consolidate Action No. 1 (the case presently before this court) with Action No. 2 (the case that is currently pending in state court). *Ornelas v. Erapmus, Inc.*, 1999 U.S. Dist. LEXIS 5176, at *2 (N.D.N.Y. 1999). The plaintiff fails to cite to any authority that would convey such jurisdiction. Actions pending in different federal district courts may not be consolidated. *Id*. Therefore, "[i]t follows that actions in state and federal courts cannot be consolidated because they are not both pending before the court". *Id*.; *see also Dinardi*, 145 F.R.D. at 296.

Although the court is without authority to consolidate the state and federal actions, the court addresses the plaintiff's argument under 28 U.S.C. § 1447(e). This section provides: "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." The relief sought by the plaintiff is not clearly defined in any of the supporting papers. By plaintiff's own admission, in her Memorandum of Law, she is "not seeking to join a non-diverse defendant in the Federal action, plaintiff seeks to consolidate this matter with a matter in State Court with a non-diverse defendant". (Dkt. No. 5) The plaintiff has not moved to amend and/or join the state court defendants, Kenneth W. Rubin and Diamond Dolls, Inc. in the

4

federal court action.  The state court defendants have not interposed any opposing or supporting papers and seemingly, have not received notice of the present motion.  However, plaintiff's counsel states in her Reply Affidavit that "[i]n the interests of judicial economy and to avoid duplicative or inconsistent verdicts, that Diamond Dolls should be joined with Defendants in one action and that this action should be remanded to Supreme Court Onondaga County for lack of subject matter jurisdiction." (Dkt No. 11).   Even assuming the plaintiff is moving to amend the complaint, the motion must be denied as plaintiff has not annexed a proposed amended complaint to the motion as required by Local Rule 7.1(a)(4) which provides:  "[a]n unsigned copy of the proposed amended pleading must be attached to a motion brought under Fed. R. Civ. P. 14, 15, 19-22". N.D.N.Y.L.R. 7.1(a)(4).

Plaintiff argues that 28 U.S.C. § 1447 "governs remand to the State Supreme Court in this action".  However, there is no legal authority to support plaintiff's argument.  The cases cited by plaintiff's counsel in the Memorandum of Law are not controlling.  Those cases involve motions pursuant to Fed. R. Civ. P. 15(a) and 20(a) to amend the complaint to add a defendant, the result of which would destroy diversity.  *See Young v. Simon Ladder Towers, Inc.*, 1996 WL 685753, at *1 (W.D.N.Y. 1996); *Roland v. Marriott Int'l Corp.*, 1995 U.S. Dist. LEXIS 8223, at *1 (S.D.N.Y. 1995); *Gursky v. The Northwestern Mutual Life Ins. Co.*, 139 F.R.D. 279, 280 (E.D.N.Y. 1991); *Jedraszak v. Intromedix, Inc.*, 2004 WL 1497559, at *1 (S.D.N.Y. 2004).   Even if the court deems this application a motion to amend and/or join, the plaintiff's failure to comply with the Local Rules and provide an amended complaint prevents the court from addressing the merits of the proposed pleading under 28 U.S.C. § 1447(e).

Accordingly, the plaintiff's motion is denied with leave to refile.

**COSTS**

Defendants and plaintiff have requested an award of sanctions against counsel for filing the within motion. "[S]anctions shall be imposed against an attorney and/or his client when it appears that a pleading has been interposed for any improper purpose, or where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law." *Eastway Const. Corp. v. City of New York*, 762 F.2d 243, 253 (2d Cir. 1985). Sanctions will be imposed only when it is "patently clear that a claim has absolutely no chance of success". *In re Air Disaster at Lockerbie, Scotland, On Dec. 21, 1988*, 144 F.R.D. 613, 616 (E.D.N.Y. 1992) (quoting *Eastway*, 762 F.2d at 254).

The Court in its discretion denies costs, attorney's fees and sanctions.

## CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that plaintiff's motion to remand is denied with leave to refile; and it is further

**ORDERED** that defendants' motion for sanctions is denied; and it is further

**ORDERED** that plaintiff's motion for sanctions is denied.

**IT IS SO ORDERED.**

Dated: July 25, 2007

_Norman A. Mordue_
Norman A. Mordue
Chief United States District Court Judge